**Joseph D'ANTUONO, Jr.**

v.

**CLARENDON NATIONAL INSURANCE COMPANY.**

**No. 92–195–Appeal.**

Supreme Court of Rhode Island.

Feb. 17, 1993.

Paul M. Giacobbe, Cobleigh, Sprague & Giacobbe, Warwick, for plaintiff.

Kevin J. Holley, Raymond A. LaFazia, Gunning, LaFazia & Gnys, Providence, Michael J. Gardiner, Warwick, for defendant.

## OPINION

PER CURIAM.

This case came before us for oral argument on January 26, 1993, pursuant to an order directed to both parties to appear and show cause why we should not summarily decide the issues raised by the appeal of the defendant, Clarendon National Insurance Company (Clarendon). After reviewing the memoranda and arguments of counsel, we believe the parties failed to show cause.

The facts in this case were not in dispute. On March 27, 1989, an individual driving an automobile struck plaintiff, Joseph D'Antuono, as plaintiff operated a motorcycle. The driver of the automobile held liability insurance with a $100,000 liability limit. Clarendon provided plaintiff with uninsured-motorist liability insurance. The plaintiff asked permission from Clarendon to settle with the driver. Clarendon granted this request, and plaintiff proceeded to settle with the driver of the automobile.

The plaintiff then filed a claim with Clarendon, asserting that Clarendon was liable to plaintiff pursuant to the uninsured-motorist insurance provision of the parties' insurance contract. The provision states in pertinent part:

"We agree to pay the damages you're legally entitled to receive from the owner or operator of an uninsured motor vehicle because of bodily injury. We'll pay these damages for bodily injury you suffer in a motorcycle accident while occupying a motorcycle or, as a pedestrian, as a result of having been struck by an uninsured motor vehicle."

Clarendon refused to pay these damages on the ground that the motorcycle that plaintiff was operating at the time of the accident was not listed in the declarations page found in the insurance contract. Apparently plaintiff was operating a different motorcycle from the one he listed under Clarendon's insurance contract.

This matter came before a trial justice in Superior Court. The trial justice read the uninsured-motorist provision in the insurance contract and found that the contract did not limit Clarendon's coverage to the one specific motorcycle listed on the declarations page. Indeed the contract states that Clarendon "will pay these damages for bodily injury you suffer in a motorcycle accident." The trial justice, concluding that the plain meaning of the contractual provision controlled, entered summary judgment in favor of plaintiff.

We believe the trial justice correctly entered summary judgment on behalf of the plaintiff.

For the foregoing reasons the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.